**JKG**

Heather Hoffman :

vs. :

Lincoln General Insurance : A/s/o Xpress Rent A Car :
Brian Walker :
Lancaster County

CIVIL ACTION NO.

07    4254

## COMPLAINT

1) Heather Hoffman resides at 905 East King St #3 Lanc. Pa 17602 with her minor son.

2) Attorney for Lincoln General / A/s/o Xpress rent a car has a business address of 142 Market St. West Chester Pa 19380

3) That Heather Hoffman was a victim of discrimination while being unlawfully held in LCP in Lancaster County Pa for charges that were proven derived from proven Civil Conspiracy in Hoffman v. Lisa Jo McCoy Esq. - Opinion of this Court "resolves all doubt in favor of Ms Hoffman." This suit resulted of a false charge of Stalking, in that Rule 402 Civil Procedure allow for personal service. (legitamite service).

4) That while sitting on these charges on an Alfred plea - as I couldn't bail out to wait on trial and have 3 kids to feed, so I needed to get released, NO ONE Brought me foward to have a fair hearing, rather just issued Judgement, knowing exactly where I sat and Failed to serve me with date or Original Suit.

5) Heather Hoffman made a truthful statement to what happened to the police officer that was called to the scene. He did not warn or ticket or arrest Heather Hoffman. Let alone state it was my Fault.

6) The person who hit the Left side of my rental care with the front of his truck admitted <u>using the Lane marked turning Lane only</u> as a lane to merge from one side of the highway to the other. And this caused him to hit my vehicle.

7) Heather Hoffman had witnessed his vehicles Left, <u>I mean Right turne Signal on</u>, as he was stopped in the middle lane

8) No one else hit me or him, either lane thus it was Safe for me to turn, as I 100% followed the PA traffic Laws

9) Heather Hoffman had the rental Companies insurance on the rented vehicle, however I was "fined" 2800⁰⁰ in Common Pleas Court. And was never even served with Legal papers at all.

10) That Heather Hoffman was denied her right to IFP, CIVIL Rights, her day in Court and now her right to License.

11) That I was hurt in his accident and am due relief, compensatory, ancilliary, punitive and various other legal damage relief mental stress and anguish, civil Rights compensation (discrimination.

12) Although in jail we are entitled to be presumed innocent until proven guilty in a Court of Law.

13) This has hurt us in wage loss, as I need to travel as far as New York, New Jersey to work - Model and Actress.

14) That we are entitled to Nunc Pro Tunc relief.

Heather H

10/4/07

Wherefore, I am in need of
monetary relief - Compensatory, punitive
ancilliary and whatever else applies
in the amount of 13,000,000.00
from all involved.

Futhur relief of probation termination
for suit instituted criminally by
Lisa Jo McCoy, Denise and Warren K
Barrage in Lancaster County with
fines squashed along with probation (the charges)
I am in need of my licence reinstated
and suspension record cleared due to
the judgement from CI 02-09979 -
I have a disabled son and I am
disabled and we need to be able
to drive to treatments out of County.
(for myself)

Heather Hoffman
10/4/07.

# Exhibits

7 copies

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
## CIVIL

HEATHER HOFFMAN,

      Plaintiff

      v.

LISA JO McCOY,

      Defendant

      No.  CI-03-07559

## OPINION

BY PEREZOUS, J.

      Presently before the Court are the Preliminary Objections filed by the Defendant, Lisa McCoy, to the Complaint of the Plaintiff, Heather Hoffman, who has filed her Complaint with the Court *pro se*. Ms. McCoy contends that service was insufficient, that the Complaint fails to state a claim for which relief may be granted, and that the Complaint contains scandalous and impertinent material that must be stricken. For the following reasons, this Court finds that the Complaint fails to state a claim for which relief may be granted, and the Complaint is dismissed.

      This case arises from a child custody dispute in which the Defendant, Ms. McCoy, was the attorney who represented the father of the Plaintiff's children. As a result of such representation, the Plaintiff has made several allegations against the Defendant in her Complaint, which was filed on September 5, 2003. Among the allegations, the Plaintiff claims that Ms. McCoy "willingly harassed" her, repeatedly violated the Pennsylvania Rules of Professional Conduct, and "premeditated and conspired to have [Plaintiff] falsely incarcerated." Compl. ¶¶ 3-4. However, despite these allegations there are no underlying facts provided by the Plaintiff to support these legal conclusions.

Accordingly, the Defendant filed the present Preliminary Objections to the Complaint on October 6, 2003, in the nature of a demurrer, seeking to have the Complaint dismissed.[1] Because the Complaint does not set forth a claim upon which relief may be granted, the Court will sustain the Defendant's Preliminary Objection, and the Complaint will be dismissed.

Pennsylvania law is well-settled and, accordingly, "[p]reliminary objections in the nature of demurrers are to be sustained only where facts averred in a complaint are clearly insufficient to establish the pleaders' right to relief." HCB Contractors, Inc. v. Liberty Place Hotel Assoc., 539 Pa. 395, 397, 652 A.2d 1278, 1279 (1995). In determining whether to grant a demurrer, the Court must accept as true all of the well-pleaded material facts set forth in the complaint and all of the inferences fairly deducible from those facts. Small v. Horn, 554 Pa. 600, 608, 722 A.2d 664, 668 (1998). When doubt exists as to whether a demurrer should be sustained, the doubt should be resolved in favor of overruling the demurrer. Green v. Mizner, 692 A.2d 169, 172 (Pa. Super. Ct. 1997). Although a Plaintiff is not required to specify the legal theory underlying the Complaint, the material facts which form the basis of a cause of action must be alleged. Schott v. Westinghouse Electric Corp., 436 Pa. 279, 259 A.2d 443 (1969). Therefore, in considering the present Preliminary Objections, the Court will accept as true all of the well pleaded facts set forth in the Complaint, and will resolve all doubts in favor of the Plaintiff, Ms. Hoffman. Giving the Plaintiff the benefit of all reasonable doubt and inferences fairly deducible

---

[1] The Defendant's Preliminary Objections to the Plaintiff's Complaint were not filed within the requisite time period for timely filing of pleadings under Pennsylvania Rule of Civil Procedure 1026. However, the Supreme Court of Pennsylvania has clearly pronounced that Preliminary Objections, though not filed in a timely manner, must be addressed by the Court when they would be dispositive to the action. See, Commonwealth v. Atlantic & Gulf Coast Stevedores, Inc, 422 Pa. 442, 444, 221 A.2d 128, 129 (1966) (Not only is it permissive for the lower courts to rule on such Preliminary Objections, but it is in fact mandatory where it will dispose of the cause of action). In the present case the Defendant's Preliminary Objections were only ten days late, and will clearly be dispositive of the Complaint.

from her Complaint, it is only possible that her claims are comprised of causes of action for civil conspiracy, emotional distress, or defamation. However, the Plaintiff has not alleged sufficient facts to support any of these three claims.

First, in order to properly allege facts to support a cause of action for civil conspiracy a party must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in the pursuance of a common purpose; and (3) actual legal damage. Strickland v. The University of Scranton, 700 A.2d 979, 987-88 (Pa. Super. Ct. 1997). In the Complaint, there is no mention of any overt act done in concert between Ms. McCoy and any other individual. There is also no averment of any actual legal damage suffered by the Plaintiff as a result of the alleged civil conspiracy. Therefore, the facts as averred in the Complaint could not support a cause of action for civil conspiracy.

Second, it is also clear that the Complaint does not provide the necessary factual allegations to support a cause of action for either intentional, or negligent infliction of emotional distress. To state a claim for intentional infliction of emotional distress the Plaintiff must allege facts showing that the victim was subjected to outrageous conduct that either intentionally or recklessly caused another severe emotional distress. Fewell v. Benser, 664 A.2d 557, 581-82 (Pa. Super. Ct. 1995). The Complaint makes no allegation of extreme or outrageous conduct on the part of Ms. McCoy, it merely states that "[a]ll this has caused me . . . severe emotional (real) distress." Compl. ¶ 8. Simply stating that Ms. Hoffman has suffered emotional distress is not enough to state a claim for intentional infliction of emotional distress.

Further, the Complaint has also failed to state a claim for negligent infliction of emotional distress. In order to state a cause of action for negligent infliction of emotional distress, the

3

claimant must allege: (1) that plaintiff was located near the scene of an accident; (2) that shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the accident, and (3) the plaintiff and victim are closely related. Huddleston v. Infertility Center of America, 700 A.2d 453, 461-62 (Pa. Super. Ct. 1997). Nowhere in the Plaintiff's Complaint is there any suggestion that she witnessed an accident caused by the Defendant which may have caused her to suffer severe emotional distress, and accordingly, Plaintiff's claim of negligent infliction of emotional distress is also not supported by the alleged facts.

Finally, the Plaintiff has made allegations that suggest she is making a claim that the Defendant has defamed her character. In order to state a cause of action for defamation of character, a claimant must allege that: (1) defendant made a defamatory communication; (2) the defendant published the communication; (3) it applied to the plaintiff; (4) the recipient understood the defamatory meaning of the communication; (5) the recipient understood that it was intended to be applied to the plaintiff; (6) the plaintiff suffered special harm as a result of the publication; and (7) the defendant abused a conditional privilege. Jaindl v. Mohr, 637 A.2d 1353, 1358 (Pa. Super. Ct. 1994). The Plaintiff must also allege to whom the defamatory statement was published. Suppan v. Kratzer, 660 A.2d 226, 229 (Pa. Commw. 1995). Nowhere in the Plaintiff's Complaint does she allege that Ms. McCoy made any defamatory comments, to whom such comment was made, or that she suffered any harm as a result of the alleged defamatory remarks. Therefore, it is clear that the Plaintiff has also failed to state a claim for defamation of character.

In conclusion, because the Plaintiff has failed to state a claim for which relief may be granted under the theories of civil conspiracy, emotional distress, and defamation of character,

ublic record

★ never appealed never denied by "M° McCoy."

the Complaint must be dismissed. Because the Complaint is dismissed, the Court need not address the Defendant's assertion that service was ineffective, or that the Complaint contains scandalous and impertinent material.

Accordingly, the Court enters the following:

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL

HEATHER HOFFMAN,

        Plaintiff

     v.                No.  CI-03-07559

LISA JO McCOY,

        Defendant

## ORDER

AND NOW, this _22_ day of December, 2003, upon consideration of the Preliminary Objections filed by Defendant, Lisa McCoy, against the Complaint of the Plaintiff, Heather Hoffman, together with the briefs and supporting papers filed by the parties, it is hereby ordered that Defendant's Preliminary Objection in the nature of a demurrer to Plaintiff's Complaint on the grounds that it fails to state a claim for which relief may be granted is sustained; and the Complaint is dismissed.

BY THE COURT:

_MICHAEL J. PEREZOUS_
MICHAEL J. PEREZOUS
JUDGE

Copies to:

    Ms. Heather Hoffman, 03-4308, Lancaster County Prison, 625 East King Street, Lancaster, Pennsylvania 17602.
    Thomas A. French, Esq., Rhoads and Sinon, LLP, One South Market Square, P.O. Box 1146, Harrisburg, Pennsylvania 17108-1146.
    James J. Jarecki, Esq., Rhoads and Sinon, LLP, One South Market Square, P.O. Box 1146, Harrisburg, Pennsylvania 17108-1146.

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO. 236
NOTIFICATION - THE ATTACHED DOCUMEN
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE:  DEC

# IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA

Lincoln General Ins.
A/S/O Xpress rent a car
                              vs.                    No.   CI-02-09979

Heather Hoffman

## ORDER

AND NOW, this ___9th___ day of ___MARCH___ , 20 _06_ , upon

consideration of the attached Petition and Affidavit of Financial Status, it is hereby

Petition is Denied.

Ordered that the Petitioner, ~~_____, is permitted to proceed with~~

~~the filing of his/her action or appeal In Forma Pauperis, and shall not be required to pay~~

~~the costs or fees payable in connection with such matter, but conditioned upon his/her~~

~~payment of such costs from the proceeds of an financial recovery in this case.~~

### BY THE COURT:

_____ J.

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P NO. 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO. PA
DATE   MAR 1 0 2006

In The Court of Common Pleas of Lancaster County, Pennsylvania
Civil Action- LAW

Lincoln General Insurance
A/S/O X-PRESS Rent a car
        VS.
Heather Hoffman

CI-NO. 02 09979

### Reconsideration
-------------------------

1) Heather Hoffman offered a proper settlement in this matter to said attorney for Lincoln General.
2) That Heather Hoffman's civil rights have been violated.
3) Heather Hoffman's original settlement proposal still stands as is.
4) That Heather Hoffman made a report of said accident to a Manheim police officer that could have been relayed to Lancaster police.
5) That Heather Hoffman was not at fault and injured in this accident and was treated by Dr. Matt Miller at The Spine and Sports Center on Duke Street.

6) That the Constitution applies in this case , as well as all Local, State and Federal procedure- FOR EVERY PARTY.
7) That Heather Hoffman has incurred damages and wage loss for Penn Dot holding her license unlawfully.
8) That Heather Hoffman is legally disabled and she lives with her disabled son and walking to treatment or to a bus station is hard on both Heather and her Son.
9) That Heather Hoffman followed all traffic laws after said accident.

Wherefore, Heather Hoffman is willing to close and seal this case from the general public, once signed by a Judge.

Further Heather Hoffman and family respectfully request the Law be followed in this case and award Heather Hoffman 100,000.00 dollars from Lincoln General or any other party that the Court feels acted against a falsely incarcerated inmate at the time of judgment on this case- "Innocent Until Proven Guilty..." Civil conspiracy has already been proven in case # CI-03-07559 Hoffman V. McCoy. Please enter proper Judgment on this case this week...this would never be allowed to happen to your family or children.

CC: Governor Edward Rendell
CC: Michael Strata

Always Truthfully Yours,

*Heather Ott* (signature)

3-4-06

Dear Brian J. Walker
and Lincoln General,

Please read the enclosed and
be advised.

I am willing to settle this matter without
any future legal dealings, filings, reconsiderations,
but not limited to only this statement filed
against Heather Hoffman - person or business
entities/affliates. Not limited to only this
herein offer. I further wish to seal this case
from the public
I am offering to make payments once
starting April 3rd 2006 of 25.00 per agree
month to your office Only to total the ment
amount due on the car rental priorly, is faxed
that had a negitive balance of $300.00.
to
The laws are cryptal clear in this state Penn
and internationally, as well. My civil Rights Dot.
have been Violated by parties involved.
I did not by law cause the accident
thru any criminal or negligent act and didn't
break the Laned-for traffic laws or traffic

*[handwritten top left:]* To Specification
Sent PennDot
Agreement letter -
no licence given anyway

*[handwritten top right:]* Brimmers told me
my licence was
suspended
8/4/04

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF TRANSPORTATION
BUREAU OF DRIVER LICENSING
HARRISBURG, PA 17123
05/02/07

HEATHER LYNN HOFFMAN
905 EAST KING 3 FL

LANCASTER PA 17602

DRIVER'S LICENSE NUMBER: 22940594
BIRTH DATE: 09/04/71

*[handwritten:]* 8/14/07 2:33pm asked for
original complaint

*[handwritten right:]* Never served original suit
to Law + Rule in PA

Dear MS. HOFFMAN:

This is a RESTORATION REQUIREMENTS LETTER.  It lists what you
must do to restore your driving privilege.  PLEASE BE AWARE THAT
THIS LETTER DOES NOT AUTHORIZE YOU TO DRIVE.  You will be notified
by the Department of Transportation (PENNDOT) that your driving
privilege has been restored.  Only after that may you drive.

The date when you are eligible to have your driving privilege restored
has not been determined.  To determine this ELIGIBILITY DATE, you
must resolve any issues listed in this letter as DRIVER'S LICENSE
RETURN, INDEFINITE SUSPENSION, INDEFINITE CANCEL, INDEFINITE RECALL,
and/or PRISON RELEASE REQUIREMENT.

Please read the following information carefully and be sure to
complete all requirements to have your driving privilege restored.
Unless another address is indicated, return any documents and/or
fees to the MAILING ADDRESS listed at the end of this letter.

PROOF OF INSURANCE
-Within 30 days of your ELIGIBILITY DATE, provide a copy of one of
the following to PENNDOT to show that all motor vehicles currently
registered in Pennsylvania in your name are insured:
    *Insurance ID card
    *Declaration page of your insurance policy
    *Insurance Binder
    *An application of insurance to the PA Auto Insurance Plan
If you do not own a motor vehicle currently registered in Pennsylvania,
send a signed statement of this fact to PENNDOT which reads "I do
not own any motor vehicles currently registered in Pennsylvania".
Please include your name, address, driver's license number and date
of birth on the statement.

INDEFINITE SUSPENSION
-A judgment, resulting from an accident in which you were involved,
was filed against you in the following court:
    County:        LANCASTER CNTY
    Term:          2003
    Number:        09979

1



**Name: Hoffman, Heather L**
Age: 34
Gender: F
Medrec: 1048680
Acct: 190413136
Attending: HSV3
Primary Nurse: ALB3
Bed: ED ..FC 43-PEDS

# LANCASTER GENERAL HOSPITAL
# DISCHARGE INSTRUCTIONS

Emergency Department
555 North Duke Street
PO Box 3555
Lancaster, PA 17604-3555
Phone: 717-544-5122

*We had to walk home - and Keith cannot take walking long distances due to disability (Rage disorder)*

SPECIAL INSTRUCTIONS
Follow up Family Physician 1-2 days if not improved.

MEDICAL INSTRUCTIONS
CONTUSION

CONTUSION (BRUISE)

*x-rays taken - large area*

GENERAL INFORMATION:

A contusion, or bruise, is caused by blunt injury. Bleeding under the skin causes the black and blue discoloration. The most common symptoms are swelling, redness, tenderness, pain, and discoloration. It may take 2 to 3 weeks for the bruised area to return to its normal appearance.

*He hit me with blunt force (hard as a man)*

INSTRUCTIONS:

1. Apply ice for 20 minutes every hour to the bruised area during the first 12 to 24 hours to reduce pain and swelling. Put the ice in a plastic bag and place a towel between the ice bag and your skin.
2. After 24 hours, you may use heat to relieve pain. Use a warm water bottle, an electric heating pad set on low, or warm compresses. To prepare a compress, fold a clean cloth or towel in several layers. Dip the compress in warm water, wring it out until just a little dripping remains, and apply it to the injured area. Apply heat for 15 minutes every 2 hours. Do not apply heat until at least 24 hours have passed since the injury because it may increase pain, swelling, and internal bleeding.
3. You may go about your normal activities.

See your physican immediately or go to the nearest hospital emergency department if:

*If he accidentally hit a child this way - he may have killed it*

1. You have increased pain and swelling.
2. You develop a temperature of over 100.5 degrees F.
3. Redness or lines of redness develop in the area of the bruise.

The examination and treatment you have received in the Emergency Department have been rendered on an emergency basis only, and are not intended to be a substitute for or an effort to provide complete medical care. Your primary care physician may request a copy of your records and all test results. It is important that you let him/her check you again, and that you report any new or remaining problems.

XRAYS/EKGS
The interpretation of EKGS and/or x-rays at the time of the emergency visit may only be a preliminary report. You will be notified by telephone if there is a change in the interpretation when the tests are reviewed by the cardiologist and/or radiologist.

*He takes his meds & does his treatment*

MEDICATIONS/PRESCRIPTIONS



**Name: Hoffman, Heather L**
Age: 34
Gender: F
Medrec: 1048680
Acct: 190413136
Attending: HSV3
Primary Nurse: ALB3
Bed: ED ..FC 43-PEDS

# LANCASTER GENERAL HOSPITAL
# DISCHARGE INSTRUCTIONS

Take all medication as prescribed by the physician.

REFERRAL TO SPECIALIST
If you are being referred to any doctor/specialist other than your own Primary Care Physician: Please contact your doctor for any paperwork or referral forms that may be required . If you have any questions about whether you need such forms, contact your doctor's office as soon as possible.

The staff of the Lancaster General Hospital Emergency Department and Trauma Services strives to ensure quality care and customer service during your visit. RETURN TO THE EMERGENCY DEPARTMENT IF YOUR SYMPTOMS SUDDENLY WORSEN OR CHANGE.

**OWNER:** Heather Lynn Hoffman
210 S. Prince Street
Lancaster, PA 17603
717-393-1746

**PROPERTY:** (1) High School Diploma
(1) Cosmetology Certificate
(1) Photo size, photo album w/photos

On 28 June 2004 I, Officer Richard Beighley of the Lancaster City Bureau of Police, turned over the above listed property items to Heather Lynn Hoffman. Ms. Hoffman was re-advised of the formerly issued trespass notice as well as notice not to phone or contact the employees of the Waterford at Sterling Place Development for any reason and to consult an attorney to address issues regarding Waterford at Sterling Place.

✱ Out of a fully furnished 4 Bedroom Townhouse. No Sheriff Sale.

✱Also stated calls were being recorded

Never taken to Court from The Jail.

no (eviction hearing)

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

M-N LANCASTER, LTD., t/d/b/a       :
THE WATERFORD AT STERLING PLACE :
                                  :
            vs.                   :      No. CI-03-06606
                                  :
HEATHER LYNN HOFFMAN              :

## O R D E R

AND NOW, this 4th day of June, 2004, the Court having been advised that Heather Lynn Hoffman did in fact file a Statement of Matters Complained of on Appeal which was never forwarded to this Court by the Prothonotary, it is ordered that the Opinion Sur Appeal filed this date is vacated and withdrawn.

A new Opinion Sur Appeal will follow.

BY THE COURT:

JAMES P. CULLEN, JUDGE

Attest:

Copies to:
    Kelly M. Knight, Esquire
    Heather Lynn Hoffman, LCP

*proves
    Discrimination

NOTICE OF ENTRY OF ORDER OR DECREE
PURSUANT TO PA. R.C.P. NO. 236
NOTIFICATION - THE ATTACHED DOCUMENT
HAS BEEN FILED IN THIS CASE
PROTHONOTARY OF LANCASTER CO., PA
DATE.
        JUN  4 2004

Exhibit

RE: HeaTher Lynn Hoffman

## facsimile transmittal

Waterford at Sterling Place
701 Sterling Place
Lancaster PA 17603
Phone (717) 392-7991
Fax (717) 392-1302

To: J Miller / Case Worker *(OR)*  Attn: H. HOFFMAN 827  Fax: 717 392 1302

From: Waterford at Sterling Place     Date: 3/26/03

Re: Eligibility for Comp.     Pages: 10-12

CC:

☑ Urgent  ☐ For Review  ☐ Please Comment  ☑ Please Reply  ☐ Please Recycle

ASAP

* ASAP
Please
foward my
eligibility Status
for victims Comp
For Heather Hoffman
To 717 392 1302
Attn: 827
on 3/27/03
please To Avoid
Lock out On 3/28/03
from Loss of 6/02 Income/
Support!

On or Before
5pm
on 3/27/03
for Court
purposes
Please!

LICENSE NO. : 22940594

Accident Date:11/13/01
To satisfy this judgment, you must do one of the following:
    (1)Provide PENNDOT with an official document, signed and sealed,
    from the prothonotary of LANCASTER CNTY, indicating the judgment
    was paid in full or,

*Did This* →
    (2)Provide PENNDOT with a letter of agreement from the judgment
    creditor that payments will be made on a regular basis.  The
    judgment creditor is the person or company who filed the judgment
    against you.

This letter identified the requirements necessary to restore your
driving privilege and we are looking forward to working with you to do
this.  Unless another address was indicated, return any documents and/or
fees to the MAILING ADDRESS listed below.  Phone numbers are provided
for your use.  To ensure prompt customer service, please write your
driver's license number, listed at the beginning of this letter, on all
documents you send to PENNDOT.  Thank you.

MAILING ADDRESS:                    INFORMATION  (8:00 AM to 6:00 PM)
PENNDOT                             IN STATE            1-800-932-4600
Bureau of Driver Licensing         OUT-OF-STATE          717-412-5300
P.O. Box 68693                     TDD IN STATE        1-800-228-0676
Harrisburg, PA 17106-8693          TDD OUT-OF-STATE      717-412-5380

*Still denying my Right to Drive*

2



**VICTIMS COMPENSATION ASSISTANCE PROGRAM**
**P.O. BOX 1167**
**HARRISBURG, PA 17108-1167**

**(800) 233-2339**
**(717) 783-5153**
**(717) 787-4306 FAX**

June 22, 2007

Heather L. Hoffman
905 East King Street
#3
Lancaster, PA 17602-2803

**Re:** **Claim No.:** 200702384
**Victim:** Heather L. Hoffman

Dear Heather L. Hoffman:

I am writing to you in response to the crime victims compensation claim you submitted to the Program. Although the Victims Compensation Assistance Program continuously strives to assist crime victims with the financial hardships suffered as a direct result of a crime, the final disposition of claims is governed by the laws of Pennsylvania. After a careful review of all documentation submitted, the Program sincerely regrets to inform you that your claim is ineligible for payment.

The Crime Victims Act, which governs our Program, requires that a claim be filed within two years of the date of the crime. Our records show that the Program received your claim on April 6, 2007. Because timely filing requirements were not met, your claim is regrettably denied. Additionally, our Program can only make an award when the evidence shows that a Title 18 crime was committed. We are sorry that we could not act favorably.

PLEASE NOTE: If you do not agree with the Program's decision, and you want the Program to change its decision, you must complete and return the enclosed Rejection of Decision and Request for Reconsideration form. List on that form each decision you think the Program made in error.

**IMPORTANT:** FAILURE TO FILE A REQUEST FOR RECONSIDERATION WITHIN 30 DAYS FROM THE DATE OF THE DECISION WILL CAUSE THE DECISION TO BECOME FINAL AND YOU WILL HAVE NO FURTHER RIGHT OF APPEAL.

ATTORNEY FEES: If an attorney represented you in filing this claim, please be advised that an attorney shall not collect fees from a claimant or anyone else for helping with a claim regardless of the outcome. Attorney fees are in addition to awards made to victims and are only paid if there is an actual award of money (18 P.S. § 11.312(3)). The attorney is not entitled to fees if no award is made.

Sincerely yours,

Meg Strader
Claims Review Officer

Enclosures
cc:

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
C R I M I N A L

COMMONWEALTH OF PENNSYLVANIA   :
                                :
            v.                       :       No:     1645 - 2003
                                :
HEATHER LYNN HOFFMAN         :

## O R D E R

AND NOW, this __/ 7__ day of __September__, 2007, Defendant's Motion for

Reconsideration is DENIED.

BY THE COURT:

I certify this document to be filed
in the Lancaster County Office of
the Clerk of the Courts.

_Dale R. Denlinger_

          Dale R. Denlinger
          Clerk of the Courts

LOUIS J. FARINA
PRESIDENT JUDGE

Copies to:
    District Attorney
    Heather Lynn Hoffman
          905 East King St., #3, Lancaster, PA   17602

In the Court of Common Pleas of Lancaster County
Pennsylvania

Criminal

Commonwealth of
Pennsylvania

vs.

Heather Lynn Hoffman

No. 1645-2003

CLERK OF COURTS
2007 AUG -6 AM 9:47
LANCASTER COUNTY PA.

## Motion for Reconsideration

1) On the 15th of May Judge Allison denied my Motion to Terminate.

2) Case 03-07559 PROVES beyond a reasonable doubt my innocence.

4) False charges lead to false imprisonment, and several actual Legal damages - wage loss, mental and emotional severe distress - drove my oldest Son to Residential hospital, moved me to the prison and my other 2 kids with an open Court record, with Sheriffs present, admitted Poisoner; to at least their Mother. Not limited to only this statement. Their father has at least a 25 year career violent felon criminal history. Unfit for raising children - especially from a jail cell, being a documented repeat offender. Visitation he seemed to handle nicely.

5) Being legally disabled from at least one fatal blunt force trauma blow to the head while pregnant with Melissa, I can NOT pay fines as Ordered, especially for Crimes 03-07559 proves I DID NOT COMMIT.

not being able to work like most of untraumatized society. Not limited to only this statement.

6) Denial of my Constitutional and Other Rights is causing my legal damages and Violates my RIGHTS. Murders on death row have rights, I don't?

7) I was coersed into pleading guilty Falsely - with witnesses. Officer Shicaffer stated "Its a Conspir[103 0755]

Wherefore, again, I motion to Terminate Probation Order, Seal this case, Delete everything off my Criminal Record - even the arrests and probation listing thats on it. We are entitled to Monetary Compensation of 1,000,000.⁰⁰ for Public office Officials to allow this to happen and continue.

Your discrimination emotional HURT my Kids - which BY LAW is DA is child abuse. The next family victimized by this may lose their Kid to someone violent or neglectful, or God prevent crossfire death.

Or please Modify this Order to Ø fines, Sealed record and @ 4 months of Supervision with Mr. David Eckman and Monetary Relief - My insurance DO NOT cover 100% of my ORDERER treatment and for my Kids 1,000,000.⁰⁰ and myself.

7/17/07 Heather G.A.

905 East King St #3
Lancaster Pa 17602

P.S. My Father died also. DID NOT SEE Melissa